NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA ELIZABETH JIMENEZ-GUZMAN; SAMUEL ANDRES DIAZ-JIMENEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2534

Agency Nos.
A241-814-257
A241-814-258

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

On behalf of herself and her minor son, Martha Elizabeth Jimenez-Guzman, a native and citizen of Colombia, petitions pro se for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from the decision of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and deny the petition for review.

Jimenez-Guzman first challenges the IJ's findings regarding her applications for asylum and withholding of removal. Petitioners generally must exhaust their claims, *see* 8 U.S.C. § 1252(d)(1), and we must enforce the exhaustion rule when the government properly raises it, *see Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). Jimenez-Guzman could have raised her challenges to the IJ's findings in her appeal to the BIA but failed to do so. Therefore, we do not consider them here. *See Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 780 (9th Cir. 2001).

Substantial evidence supports the agency's denial of CAT protection because Jimenez-Guzman failed to demonstrate that it is more likely than not she will be tortured if returned to Colombia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We decline to consider any arguments not distinctly and specifically raised in Jimenez-Guzman's brief. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**